**CONTEMPORARY ASSOCIATES, INC.**

v.

**The UNITED STATES.**

No. 503–80C.

United States Claims Court.

July 22, 1983.

---

2. "Turnkey Method" contracts are defined in 24 C.F.R. § 805.203(b) (1977).

3. These methods are defined in 24 C.F.R. § 805.203(c), (e) (1977).

**814**

No appearance of counsel for plaintiff Contemporary Associates, Inc.

Kathleen A. Flynn, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

## MEMORANDUM OPINION

SPECTOR, Senior Judge.

Plaintiff filed this contract claim under the Contract Disputes Act of 1978. The petition alleged a claim for unreimbursed costs under a cost-plus-fixed-fee contract with the Department of Education for the "Consortium Development to Improve Education Programs for Handicapped Indian Children." The defendant filed a counterclaim alleging that plaintiff had been excessively reimbursed for certain costs.

### Statement of Facts

In response to defendant's Motion for Summary Judgment on its counterclaim, and dismissal of plaintiff's petition, the United States Court of Claims[1] granted the "motion to dismiss the petition to the extent of entering judgment that plaintiff cannot recover on its petition". Noting, however, that "(o)nce the petition is dismissed, we lack jurisdiction over this action and defendant cannot prosecute its counterclaim", the court declined to dismiss the petition and denied without prejudice the defendant's Motion for Summary Judgment on the counterclaim.[2]

In its opinion, the Court of Claims observed that plaintiff had filed its petition through an attorney, who thereafter requested that he be allowed to withdraw from the case before replying to defendant's counterclaim. He was permitted to withdraw, without objection, and plaintiff corporation was then afforded thirty days to substitute counsel. Plaintiff had not substituted counsel, nor filed a response to the Government's counterclaim, nor a response to the aforementioned Motion for Summary Judgment filed with the Court of Claims at the time the court acted on the motion.

It was not clear to the Court of Claims, however, whether or not plaintiff had actually received any communication from the court after it filed its petition. The first two mailings of defendant's Motion for Summary Judgment had been returned to the court marked "Moved, Not Forwardable". The third mailing had not been returned after 45 days, and the Court of Claims assumed it had been received but found it "conceivable * * * that plaintiff has no knowledge of its lack of counsel, its obligation to appoint counsel, its responsibility to reply to defendant's counterclaim, or the pendency of defendant's present motion."

As a result, the court concluded

* * * it is proper to dismiss the petition (but) it is not now appropriate to pass on the counterclaim. * * * Dismissal of the petition is a strict sanction. * * * Entry of summary judgment awarding $9,287 to defendant would be even harsher. Contemporary Associates may be unaware of its obligations, and even if aware, it may be having great difficulty finding the funds necessary to hire an attorney. Moreover, it is clear from the pleadings that the amount of expenses that are verifiable is in dispute. Because it is not plain that plaintiff has had a meaningful opportunity to respond and there appears to exist a genuine issue of

---

1. Predecessor of this court.

2. *Contemporary Associates, Inc. v. United States,* No. 503–80C, 229 Ct.Cl. —— (Nov. 20, 1981).

material fact, summary judgment on the counterclaim is inappropriate. * * * Fairness dictates that an affirmative judgment not be entered against plaintiff unless, at the least, the court is assured that the plaintiff has had notice of defendant's motion and has deliberately flouted its obligations.

The case is now before this court on defendant's renewed Motion for Summary Judgment on its counterclaim. Once again, yeoman effort has been expended by defendant in attempting to bring the motion to plaintiff's attention, but without success. The applicable statute [3] provides that service on a corporation is valid if made upon its registered agent, or, if the corporation fails to appoint or maintain a registered agent, on the Mayor or any clerk having charge of his office. Pursuant to this provision, defendant's counsel in August 1982 served plaintiff's registered agent, Ms. Cleopatra Lawton, 525 School Street, Washington, DC 20024, and the Superintendent of Corporations, Mr. John Duty, by certified mail, return receipt requested.

In a report to the court filed May 26, 1983, defendant's counsel reported on the results of the most recent attempted service. The return receipt disclosed that the papers were delivered to Mr. John Duty. The return receipt sent to plaintiff's registered agent was returned with both block numbers four and five left blank. Block number four is reserved for the signature of the person receiving delivery, and block number five, entitled "UNABLE TO DELIVER BECAUSE", is meant to be filled in by the Postal Service if delivery cannot be completed. .

Because the return receipt did not completely describe the service attempted on plaintiff's registered agent, Ms. Lawton, the attempted service was not adequate. Defendant's counsel therefore attempted once again in May 1983 to serve plaintiff's registered agent, Ms. Cleopatra Lawton, and the Superintendent of Corporations,

Mr. John Duty. The return receipts were received in the office of the defendant's attorney of record on May 23, 1983. They showed that service had been made on Mr. Duty on May 19, 1983. The papers to be served on Ms. Lawton had been returned because they could not be delivered by the Postal Service. Although block numbers four and five on the return receipt were once again left blank, defendant's counsel has submitted to the court the envelope containing the report of the Postal Service. On the face of the envelope is a notation stating "Addressee Unknown". It is clear that service cannot be made on the registered agent of plaintiff corporation.

### Conclusion

It is concluded that every reasonable effort has been made to respond to the concerns expressed by the Court of Claims in its prior order on defendant's Motion for Summary Judgment. Under the applicable law,[4] defendant has now effectively served plaintiff by serving the Superintendent of Corporations. In addition, a good faith attempt has also been made to directly serve plaintiff's designated registered agent.

Under our Rule 12(a), plaintiff had 20 days within which to respond to the motion and no response has been received. Rule 55(a) permits judgment by default against a party who fails to respond, and this remedy is available to a party pleading a counterclaim.

The foregoing considered, defendant's Motion for Summary Judgment on its counterclaim is hereby Allowed. Judgment shall be entered in favor of defendant and against plaintiff in the amount of $9,287, and plaintiff's petition shall be Dismissed.

---

**3.** D.C.Code Ann. § 29–312 (1981).

**4.** Note 3, *supra.*